IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J AND J SPORTS,<br><br>      Plaintiff,<br><br>  v.<br><br>JOSE MAXIMILIANO MONTECINOS, et al.,<br><br>      Defendants.<br>_____/ | No. C-09-02604 JSW (EDL)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S EX PARTE APPLICATION FOR ENTRY OF ORDER** |

On December 17, 2009, this Court issued a Report and Recommendation regarding Plaintiff's Motion for Default Judgment, recommending that default judgment be entered against Defendants in the amount of $18,750.00. On January 11, 2010, the district court adopted this Court's Report and Recommendation, and entered judgment in favor of Plaintiff in the amount of $18,750.00. See Declaration of David Cook ¶ 1; Ex. A.

On January 20, 2010, Plaintiff filed an Ex Parte Application for Entry of Order Authorizing Process Server to Levy Execution Pursuant to C.C.P. § 699.080. On February 1, 2010, Plaintiff's Application was referred to this Court for a Report and Recommendation. Upon consideration of Plaintiff's submissions and for the reasons set forth below, the Court makes this Report and Recommendation to the Honorable Jeffrey S. White.

The judgment against Defendants remains unpaid in whole or in part. See Cook Decl. ¶ 2. Plaintiff now seeks an order authorizing a process server, specifically Attorney Service of San Francisco, to levy and execute under California Code of Civil Procedure section 699.080 in lieu of the United States Marshal. See Pl.'s Ex Parte App. at 2-3; Cook Decl. ¶ 3.

The execution of final judgments is governed by Federal Rule of Civil Procedure 69(a), which provides:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a). Pursuant to Rule 69(a), post-judgment enforcement proceedings in this case must comply with California law. See Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342, 1344 (9th Cir. 1997).

Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure § 699.080(a). See Garden City Boxing Club, Inc. v. Aviles, 2007 WL 1821466, *1 (E.D. Cal. June 25, 2007) (citing Cal. Civ. Proc. Code § 488.080). A registered process server is a person registered as a process server pursuant to the California Business and Professions Code sections 22350 through 22360. The use of a process server is routine in the enforcement of judgments and is authorized by California law. See Garden City Boxing, 2007 WL 1821466, at *2.

The Court has reviewed the documents filed by Plaintiff. The Court finds that Attorney Service of San Francisco, California is a registered process server, having filed a certificate of registration in San Francisco County. See Cook Decl. ¶ 3; Ex. B. Based on the declaration of Plaintiff's attorney, the Court finds that the interests of justice would be served by relieving the United States Marshal from effectuating certain types of services necessary to facilitate collection of the judgment in this action. Further, the Court finds that Defendants would not suffer prejudice from granting Plaintiff's application, which does not seek to diminish Defendants' rights or otherwise alter Plaintiff's rights or remedies relating to collection.

Accordingly, the Court recommends granting Plaintiff's Application. Any party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to

1  file objections within the specified time may waive the right to appeal the District.

2  Dated: February 19, 2010          *Elizabeth D. Laporte*
                                      ELIZABETH D. LAPORTE
3                                     United States Magistrate Judge